UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENTA SETTLES<br>c/o Spangenberg, Shibley & Liber LLP<br>1001 Lakeside Ave. E., Ste. 1700<br>Cleveland, OH 44114<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF GARFIELD HEIGHTS<br>c/o Tim Riley, Law Director<br>5407 Turney Road<br>Garfield Heights, OH 44125<br><br>and<br><br>MICHAEL MALAK<br>Garfield Heights Police Department<br>5555 Turney Road<br>Garfield Heights, OH 44125<br><br>and<br><br>ROBERT PITTS<br>Garfield Heights Police Department<br>5555 Turney Road<br>Garfield Heights, OH 44125<br><br>　　　　Defendants. | CASE NO. 1:20-cv-1631<br><br>JUDGE<br><br><br><br><br><br><br><br>**COMPLAINT**<br><br>*Demand for Jury Trial* |

Now comes Plaintiff Kenta Settles and, for his Complaint against the above-named Defendants, states and avers as follows:

## STATEMENT OF FACTS

1. Every American has the right to petition the government for redress of grievances without fear of punishment or reprisal.

2. The "right of access to the courts is indeed but one aspect of the right of petition." *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

3. This right to free and unhampered access to the courts is enshrined in the First Amendment to the U.S. Constitution, and is "among the most precious of the liberties safeguarded by the Bill of Rights." *United Mine Workers v. Illinois State Bar Association*, 389 U.S. 217, 222 (1967).

4. State officials therefore may not take retaliatory action against individuals designed to punish them for having exercised their constitutional right to seek judicial relief or to chill their exercise of that right.

5. That, however, is what Defendants have done.

6. The City of Garfield Heights and two of its police officers, Michael Malak and Robert Pitts (sometimes hereinafter, the "Officer Defendants"), retaliated against Kenta Settles by filing counterclaims against him in response to his civil rights lawsuit, *Settles v. Malak et al.*, Case No. 1:20-cv-1288 (N.D. Ohio).

7. As detailed in the Complaint filed in the case referenced in the preceding paragraph, on January 23, 2020, Kenta Settles was tackled, punched, electrocuted by Taser, mocked, handcuffed, and subjected to prolonged downward compressive force while in a prone restraint position by five Garfield Heights police officers, including Malak and Pitts. (That Complaint, which is Doc. # 1 in the underlying civil rights lawsuit, is incorporated herein by reference.)

8. During the incident, Malak called Kenta a "fucking piece of shit."

9. When Kenta began crying, Malak mocked him and called him a "baby."

10. When Kenta began to exercise his First Amendment right to speak, Pitts yelled at him: "Shut the fuck up! You have the right to remain silent. Anything you say can and will be used against you in the court of law."

11. The Officer Defendants' uses of force violated Kenta's clearly established constitutional rights and were objectively unreasonable, excessive, unjustified, and outrageous.

12. After violating Kenta's constitutional right to be free from excessive force, the Officer Defendants falsely arrested Kenta, knowingly and wrongfully accusing him of assaulting Malak during the incident and of obstructing official business.

13. As a result of the false accusations, Kenta was charged, indicted, and jailed until finally released on June 8, 2020, over four months after his arrest.

14. The use of force incident was captured on video by multiple body cameras.

15. The video footage was not, however, provided to the grand jury.

16. Consequently, the grand jury indicted Kenta without knowing the truth.

17. Shortly after Kenta was released from jail, the prosecutor responsible for the criminal charges alleged against Kenta viewed the body camera video footage and promptly had the criminal case against Kenta dismissed.

18. Kenta filed his civil rights lawsuit (Case No. 1:20-cv-1288) on June 11, 2020.

19. On July 14, 2020, the Officer Defendants responded to the Complaint by filing an Answer and Counterclaim. (That Answer and Counterclaim, which is Doc. # 13 in the underlying civil rights lawsuit, is incorporated herein by reference.)

20. The Officer Defendants' counterclaim is 18 pages long and asserts five causes of action (Counts I through V) against Kenta for alleged injuries the Officer Defendants sustained during the use of force incident.

21. The Officer Defendants' counterclaim expressly highlights its retaliatory nature and intent. Specifically, at paragraph 6 (Case No. 1:20-cv-1288, Doc. # 13), the Officer Defendants claim that, "Settles has thus far succeeded in propagating a misguided, incomplete, and one-sided narrative that has falsely portrayed him as the victim of unprovoked police brutality… result[ing] in [the Officer Defendants]… being unjustifiably vilified in court filings [(constitutionally protected activity)] and the media [(free speech)]. That irresponsible and inflammatory narrative *ends today*," the day the Officer Defendants filed their counterclaim. (Emphasis added).

22. Malak, who allegedly suffered a broken nose and jawbone during the use of force incident, claimed Kenta punched Malak in the face. That is false.

23. Kenta had no physical signs of having punched anyone in the face—no scrapes, bruises, abrasions, or bumps on either hand.

24. The video footage of the use of force incident does not show Kenta punching Malak in the face and breaking his nose or jaw.

25. Pitts's counterclaim is based on the injuries he sustained to his right hand and wrist as a result of repeatedly punching and beating Kenta.

26. Specifically, Pitts asserts in his counterclaim that "[a]s a direct and proximate result of Settles' assault, battery, obstruction of official business, and resisting arrest, Ptl. Pitts sustained a right-hand contusion, right wrist strain, abrasion of his right index finger, and a right knee contusion."

27. These counterclaims, which lack probable cause, were the product of a joint and coordinated effort amongst the City of Garfield Heights, including its agents and representatives, including the City's Law Director, and the Officer Defendants.

4

28. The City of Garfield Heights was aware of, directed, participated in, coordinated, and/or encouraged the decision to file the counterclaims against Kenta.

29. On information and belief, the City of Garfield Heights retained and is paying for the Officer Defendants' lawyers to prosecute the counterclaims filed against Kenta and otherwise financing the counterclaim against Kenta, including attorneys' fees and costs.

30. The Answer and Counterclaim was signed and submitted by the same lawyers—the same outside legal counsel as well as the City of Garfield Heights Law Director.

31. At no point during the approximately five months between the use of force incident and the filing of the underlying civil rights lawsuit, did the Officer Defendants take any steps to pursue legal action against Kenta.

32. The Officer Defendants and the City of Garfield Heights only decided to pursue legal action against Kenta after, and in response to, Kenta's exercise of his First Amendment rights, including filing the civil rights lawsuit against them.

33. Indeed, the Officer Defendants and the City of Garfield Heights would not have pursued the counterclaims against Kenta but for Kenta's filing of his civil rights Complaint.

34. The counterclaims were and are designed as a litigation tactic to put pressure on Kenta and to chill his right of access to the courts.

35. Garfield Heights police officers do not usually sue citizens for injuries the officers sustain on the job.

36. On information and belief, the Officer Defendants are entitled to workers' compensation benefits for injuries sustained in the course and scope of their employment with the City of Garfield Heights, including the injuries the Officer Defendants allege to have sustained during the use of force incident at issue in Kenta's civil rights lawsuit.

37. Before the criminal charges against Kenta were dismissed upon the surfacing of the video evidence of the use of force incident, Kenta was deemed indigent in connection with the criminal proceedings stemming from the allegations made by the Officer Defendants against Kenta. Kenta was unable to pay bond on account of his indigent status and remained in jail for over four months following his arrest.

38. Upon information and belief, the Officer Defendants and the City of Garfield Heights knew and/or were on notice of the fact that, at the time the counterclaim was asserted, Kenta was and is indigent and incapable of satisfying any money damages judgment that could ever result from the claims asserted in the counterclaim.

39. This appears to be the first time in the history Garfield Heights that police officers have sued a citizen for on-the-job injuries, the risks of which are inherent in the duties of a police officer.

40. Plaintiff now asserts claims against Defendants City of Garfield Heights, Malak, an Pitts under 42 U.S.C. § 1983 for violating his clearly established First Amendment rights to petition the government for redress of grievances without fear of punishment or reprisal and to access the courts without being subjected to retaliation by the government or person acting under color of law.

## JURISDICTION AND VENUE

41. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claim asserted herein arises under the Constitution and laws of the United States, to wit, the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

42. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

43. Plaintiff is a citizen of the United States residing in the State of Ohio in the Northern District entitled to the protections of the Constitution and laws of the United States of America.

44. At all times relevant, the City of Garfield Heights was and is a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio acting under the color of law.

45. Defendant City of Garfield Heights is a "person" under 42 U.S.C. § 1983.

46. At all relevant times, Defendants Malak and Pitts are and were law enforcement officers employed by the City of Garfield Heights acting under color of law and within the course and scope of their employment.

47. At all times relevant, Defendants Malak and Pitts are and were "persons" under 42 U.S.C. § 1983.

48. Defendants Malak and Pitts reside in the State of Ohio in the Northern District of Ohio.

49. Defendants Malak and Pitts jointly coordinated with the City of Garfield Heights and willfully participated in the scheme to retaliate against Kenta Settles by filing the counterclaims referenced above.

## FIRST CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants City of Garfield Heights, Malak, and Pitts for Infringement of Plaintiff's Rights under the First and Fourteenth Amendments)**

50. Plaintiff repeats and realleges each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

51. Defendants City of Garfield Heights, Malak, and Pitts, acting under color of law, retaliated, and continue to retaliate, against Plaintiff Kenta Settles for exercising his First Amendment rights, as alleged herein.

52. Defendants would not have filed the counterclaims referenced above herein but for Kenta's exercise of his First Amendment rights, including the filing of his civil rights lawsuit.

53. The counterclaims were designed to retaliate against Kenta, to punish him for standing up for his constitutional rights, to discourage him from pursuing his civil rights lawsuit, and to silence him.

**WHEREFORE,** Plaintiff prays for judgment against Defendants City of Garfield Heights, Malak, and Pitts, jointly and severally, for:

   a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injuries, damages and loss;

   b. Punitive damages in an amount that will serve to adequately punish and deter the retaliatory and unconstitutional acts of Defendants City of Garfield Heights, Malak, and Pitts;

   c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and interest, both pre-judgment and post-judgment; and

   d. All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 23rd day of July 2020.

                                              */s/ Jeremy A. Tor*
DENNIS LANSDOWNE (Ohio Bar No. 0026036)
NICHOLAS A. DICELLO (Ohio Bar No. 0075745)
JEREMY A. TOR (Ohio Bar No. 0091151)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*dlansdowne@spanglaw.com*
*ndicello@spanglaw.com*
*jtor@spanglaw.com*

***Counsel for Plaintiff***

9