IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENTA SETTLES, ) | CASE NO.   1:20 CV 1631 |
| ) | |
| ) | JUDGE DONALD C. NUGENT |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| THE CITY OF GARFIELD HEIGHTS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Motion of Defendants the City of Garfield Heights, Patrolman Michael Malak, and Patrolman Robert Pitts to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #4) For the reasons that follow, Defendants' Motion to Dismiss is denied.

**Factual and Procedural Background**

Plaintiff Kenta Settles filed this action on July 23, 2020 against Defendants the City of Garfield Heights, and police officers Michael Malak and Robert Pitts asserting a § 1983 claim against the Defendants for violating Plaintiff's rights under the First and Fourteenth Amendments. Specifically, Plaintiff contends that the defendant Officers filed a retaliatory counterclaim against Plaintiff in Plaintiff's pending § 1983 civil rights action in order to pressure Plaintiff into dismissing that lawsuit. The first action filed by Plaintiff on June 11, 2020, Case No. 1:20 CV 1288, (hereinafter referred to as "Settles I"), against Defendants the City of Garfield Heights and Patrol Officers Michael Malak, Robert Pitts, Brian Regovich, Rob Jarzembak, Sergeant William Gall and Lieutenant Todd Vargo asserted the following six claims:

Count 1: a § 1983 claim against Defendants Malak, Pitts, Vargo, Gall, Regovich and Jarzembak for Excessive Force and Failure to Intervene in violation of the Fourth and Fourteenth Amendments;

Count 2: a § 1983 claim against Defendants Malak, Pitts, Vargo, Gall, Regovich and Jarzembak for False Arrest in violation of the Fourth and Fourteenth Amendments;

Count 3: a § 1983 claim against Defendants Malak and Pitts for Unlawful/Unreasonable Search and Seizure in violation of the Fourth and Fourteenth Amendments;

Count 4: a § 1983 claim against Defendant the City of Garfield Heights for Failure to Train and Supervise and for Unconstitutional Customs, Policies, and Practices causing Constitutional violations:

Count 5: Assault and Battery against Defendants Malak, Pitts, Vargo, Gall and Regovich:

Count 6: Intentional Infliction of Emotional Distress against Defendants Malak, Pitts, Vargo, Gall and Regovich.

On August 3, 2020, the Defendants in Settles I filed an Amended Answer to Plaintiff's Complaint and Officers Malak and Pitts filed an Amended Counterclaim against Plaintiff asserting state law claims of Civil Assault (Count 1); Civil Battery (Count 2); Civil Liability for Criminal Acts–Assault R.C. 2307.60 & R.C. 2903.13 (Count 3); Civil Liability for Criminal Acts–Obstructing Official Business R.C. 2307.60 & R.C. 2921.31 (Count 4), and Civil Liability for Criminal Acts–Resisting Arrest R.C. 2307.60 & R.C. 2921.33 (Count 5). Plaintiff filed an Answer to the Amended Counterclaim on August 4, 2020.

The City of Garfield and Officers Malak and Pitts move to dismiss Plaintiff's Complaint

in Settles II asserting that Plaintiff's First Amendment Retaliation claim must be dismissed because Officers Malak and Pitts Counterclaim in Settles I is supported by probable cause. Officers Malak and Pitts further assert that they are entitled to qualified immunity from Plaintiff's claim because there is no clearly established right to be free from a viable counterclaim filed by government officials in a civil rights action. (ECF #4)

### Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Twombly, 550 U.S. at 555; Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000). In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*,

355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001).

### Discussion

The Defendants argue that their counterclaim is supported by probable cause, thus Plaintiff's first amendment retaliation claim should be dismissed. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277 (11th Cir. 2019) (affirming summary judgment for Defendant where the Town had probable cause to file the underlying civil lawsuit against Plaintiff) However, even if Officers Malak and Pitts had probable cause to assert their counterclaim in Settles I, Plaintiff here has alleged facts supporting his claim that the counterclaims lack probable cause. (See ECF #1, ¶¶ 22-27). The facts alleged by Plaintiff and the facts alleged by Defendants in their counterclaim and in their Motion to Dismiss are strikingly different, yet both versions are allegedly supported by the body cam footage which has been supplied to the Court. The parties have printed some still photos in their pleadings to support their version of the facts, but the photos are dark and very difficult to understand. At bottom, the decision regarding the existence of probable cause is fact driven and cannot be made by the Court at this juncture of the proceedings.

Officer Malak and Pitts also seek qualified immunity from Plaintiff's First Amendment

Retaliation claim arguing that the law was not clearly established when the Officers filed their counterclaim that "a police officer's counterclaim supported by probable cause could violate the First Amendment." (ECF #16, p.15) However, as noted above, whether the Officers counterclaim is supported by probable cause in this instance is a question of fact which the Court cannot resolve at this point in the proceedings. Accordingly, Defendants' Motion to Dismiss is denied.

## Conclusion

For the reasons stated above, Defendant's Motion to Dismiss (ECF #4) is denied.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: September 29, 2020